MORRIS SELZ *et al.*

*v.*

ABIJAH CAGWIN *et al.*

*Filed at Ottawa November 20, 1882.*

·1.  TAXATION—*personal property of manufacturers—where assessed.*
Where manufacturers of. boots ·and shoes in the city of Joliet carried on that
business there through one of their number, and by an agent, the other
members of the firm residing in the city of Chicago, except one, whose resi-
dence was in Springfield, Illinois, those living in Chicago being there engaged
in the business of wholesale jobbers, it was *held,* that their stock and
machinery employed in the manufacture at Joliet were properly assessed
at that place for taxation, that being the *situs* of the property.

2. · SAME—*statute construed.*   Section 7 of the Revenue law, which pro-
vides, "that personal property, except such as is required in this act to be
listed and assessed otherwise, shall be listed and assessed in. the county,
town, city, village or district where the owner resides," has no application to
the property of manufacturers which has its *situs* at a different place, and is
managed by an agent at such other place.

3.  SAME—*property to be assessed with reference to amount on hand on
the first day of May.*   Where manufacturers residing and doing business in
the city of Chicago, are also engaged in a manufactory in Joliet, in this State,
from which last named place goods, after their manufacture, are forwarded
to the house in Chicago, all the property on hand in Chicago belonging to
the firm on the first day of May in each year should be assessed for taxa-
tion at that place, and all personal property on hand at Joliet on the first day
of May in each year, in the hands of agents, is liable to assessment in that
place.   By this means the same property is not subject to double assessment,
or taxation in both places.

APPEAL from the Circuit Court of Will county; the Hon.
JOSIAH McROBERTS, Judge, presiding.

Mr. EGBERT PHELPS, and Mr. G. D. A. PARKS, for the ap-
pellants:

Section 13, chap. 120, Rev. Stat. directs that personal
property of merchants and manufacturers shall be assessed
in the town, county, etc., "where their business is carried on,"
except when situated elsewhere, "in the hands of agents."

The headquarters of appellants' business was in Chicago, and not in Joliet.

Prior to the act of 1853 the personal property of manufacturers, like all other personal property, followed the residence of the owner, and was there, only, taxable. *Sangamon and Morgan R. R. Co.* v. *County of Morgan*, 14 Ill. 163; *King* v. *McDrew*, 31 id. 418; *Mills* v. *Thornton*, 26 id. 300; *Tazewell County* v. *Davenport*, 40 id. 197.

This rule of the *situs* of personal property for taxation was, aside from our statute, in accordance with the rule in other States. *Moore* v. *Wilkins*, 10 N. H. 452; 8 R. I. 341; *State* v. *Bishop*, 34 N. J. 45; *State* v. *Ross*, 3 Zabr. 517; *Bailey* v. *Buel*, 59 Barb. 158.

Statutory regulations fixing the *situs* of personal property for purposes of assessment, must be essentially arbitrary as to details. Cooley on Taxation, 270.

A payment under process, to an officer having process of law in his hands with which he can coerce it, and is proceeding to coerce it, is a payment under duress. *Bradford* v. *City of Chicago*, 25 Ill. 419; *Rickerson* v. *Ryan*, 14 id. 74; *Logsdon* v. *Spivey*, 54 id. 105; *Stevens* v. *Gary*, 33 Wis. 95; *Connah* v. *Hatch*, 23 Wend. 468; *Valpey* v. *Bate*, 50 E. Com. L. 602.

Messrs. Hill & Dibell, for the appellees:

Section 7 of the Revenue law requires personal property to be assessed at the place where the owner resides, and section 9 requires that property of manufacturers and others, in the hands of agents, shall be listed "at the place where the business of such agent is carried on." That the *situs* of personal property for taxation depends upon various circumstances, and can not be determined by any uniform rule, see *Irvin* v. *Railroad Co.* 94 Ill. 109; *First National Bank* v. *Smith*, 65 id. 53; *Munson* v. *Crawford*, 65 id. 187; *Tappan* v. *Merchants' National Bank*, 19 Wall. 499.

For a case where the place of sale of articles manufactured elsewhere by the seller, was held not to be the *situs* of the property for taxation, see *The Parker Mills* v. *Commissioners*, 23 N. Y. 242.

If this property was in the hands of an agent, it is no defence that it was not assessed in his name. *Union Trust Co.* v. *Weber*, 96 Ill. 349; *Lyle* v. *Jacques*, 101 id. 650.

Where the law furnishes an adequate remedy in law for determining questions arising under the Revenue law, and a party fails to avail himself of it, he can not have relief in equity. *Adsit* v. *Lieb*, 76 Ill. 201.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Selz, Schwab & Co. against the collector of the town of Joliet, and the town, to enjoin the collection of a tax assessed on certain personal property of the firm for the year 1879. It appears from the bill, and the evidence introduced on the hearing, that Selz, Schwab & Co. were, in 1879, manufacturers of boots and shoes at the penitentiary at Joliet, by convict labor. They were also wholesale jobbers, in Chicago, of the goods manufactured at Joliet, and also of goods purchased in the eastern markets. In 1879, the assessor of the town of Joliet assessed the personal property of the firm, on hand May 1 at the manufactory in Joliet, at $100,000. This was reduced by the board of equalization to the sum of $85,140, upon which taxes were levied for that year, and a warrant issued to the collector, under which he was proceeding to collect the taxes when the bill was filed.

The members of the firm all reside in Cook county, except Bunn, who resides in Sangamon county, and it is contended as the goods of the firm are all sold in Chicago, and the books and accounts of the firm are kept there, the assessment in Will county, on personal property there, is void,—in other words, the position is, that the personal property of

merchants and manufacturers is taxable where their business as merchants is carried on. This position is predicated mainly on section 13 of the Revenue law, which reads as follows: "The personal property of banks or bankers, brokers, stock jobbers, insurance companies, hotels, livery stables, saloons, eating houses, merchants and manufacturers, ferries, mining companies, and companies not specially provided for in this act, shall be listed and assessed in the county, town, city, village or district where their business is carried on, except such property as shall be liable to assessment elsewhere, in the hands of agents." It is no doubt true that the personal property of bankers is taxable where the business of banking is transacted, of hotels where that business is carried on, and of merchants where that branch of business is transacted; but we do not think it follows, where one firm is engaged in merchandizing at one point and manufacturing at another, that the assessment should be made at the point where the mercantile business is transacted. It will not be contended that if one firm was engaged in selling goods at one point, keeping hotel at another, and insurance at another, the assessment of all the personal property of the firm required in each branch of business should be made at one place. The statute will not warrant such a position, and for the same reason, and upon the same principle, a firm engaged in merchandizing at one point and manufacturing at another, can not claim the right to have all its personal property, engaged in both branches of business, assessed at one place.

But, independent of this view, in order to arrive at a correct construction of section 13, it will be necessary to consider other sections of the same act bearing upon the same question. Section 7 declares: "Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county, town, city, village or district where the owner resides." Section 9,

of the same act, provides: "The property of manufacturers and others, in the hands of agents, shall be listed and assessed at the place where the business of such agents is carried on." It is manifest that section 7 has no application to the property of manufacturers situated as is the property in question, and hence complainants in the bill can set up no claim to relief under that section of the law. It will be observed that by the terms of section 9 all property of manufacturers in the hands of agents shall be assessed at the place where the business of such agent is carried on. An examination of the evidence in this case will, we think, show, beyond controversy, that the property upon which the assessment was made came directly within the terms of section 9.

Morris Selz, one of the complainants, in his evidence says: "The business of the firm in manufacturing boots and shoes was carried on at the State prison in Joliet. The material used at the factory is bought in Milwaukee, Sheboygan, Chicago, Buffalo, New York, Pennsylvania, Ohio and Boston, and is shipped direct to Joliet, and does not pass through the Chicago house. The stock on hand at any given time at the Joliet penitentiary has not previously passed through our Chicago house." As to the amount of stock kept at the factory, he says: "The total amount of stock on hand at the Joliet penitentiary Christmas, 1878, including machinery, tools, etc., was $130,000 or $140,000, and I can not tell whether it was more or less on May 1, 1879, as the stock varies, and comes in $20,000 and $30,000 at a time." The witness gives it as his judgment that the firm at no time in 1879 had, at Joliet, over $175,000. As to the authority of any one to manage the business at Joliet as an agent, the witness in substance said: "In all that would pertain to manufacturing, Henry J. Sawyer did in and about our business in Joliet, when I was absent, all that I would have done if present. He had general control of the manufacturing business, and of all the stock then on hand at Joliet, and of

all the machinery, and of all the men that were employed, placing them and directing them how to work. He controlled that part of the business much more than I did myself. That was the condition of things in 1879, and is now."

From this evidence it is plain that the complainants, as manufacturers, keep on hand at Joliet a large quantity of goods in the hands of agents, and by the express terms of section 9 the property was liable to assessment at Joliet. Here was an extensive business, in which was invested from $100,000 to $200,000 capital, and from four to five hundred men were constantly employed, and it has no more relation to the business carried on in the Chicago house than a similar factory would if located in Maine or upon the island of Cuba. The property of complainants upon which the assessment was made had its *situs* at Joliet. There it received the protection of the law, and there it should bear the burden of taxation.

It is however said, in the argument, that complainants, if required to list their property in Joliet, may be liable to double taxation on the same property. The argument is, that no two assessors call for an assessment of property at the same date, and the property at Joliet might be assessed by the assessor there, then shipped to Chicago, and again assessed when the assessor called upon complainants to list their personal property in Cook county. This position is founded on a clear misapprehension of the law. It is immaterial at what date an assessor makes an assessment. He assesses such property, and only such, as the owner had on hand on the first day of May. For example : all the personal property on hand in Chicago belonging to the firm on May 1 should be assessed at that place, and all personal property on hand at Joliet on the first day of May of each year, in the hands of agents, is liable to be assessed at that place. If this course is pursued the supposed difficulty will be removed. No part of the property on hand at Joliet on May 1,

after it is assessed, will be liable to be assessed again, although it may be shipped to the house in Chicago, and be there at the time the assessor makes the assessment in that place, as complainants can only be required to list such property in Chicago as they may have on hand there on the first day of May.

We think it plain, from the evidence, that the property at Joliet was, within the meaning of section 9 of the Revenue law, property of manufacturers in the hands of agents, and as such it had its *situs* at Joliet, and was liable to be assessed at that place.

The decree of the circuit court will be affirmed.

　　　　　　　　　　　　　　　　　*Decree affirmed.*